UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY LEE SMITH,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.
                           /

File No. 1:10-cv-19

HON. ROBERT HOLMES BELL

# **O P I N I O N**

This matter comes before the Court on Movant Terry Lee Smith's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court. (Dkt. No. 1.)

Movant was indicted on October 20, 2005, for knowing possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii); and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (File No. 1:05-cr-236, Dkt. No. 1.) Movant pled guilty to both charges pursuant to a written plea agreement and was sentenced to 96 months in prison for each count, to run concurrently. (File No. 1:05-cr-236, Dkt. Nos. 21, 27, Plea Agmt., Mins. of Sent.) Movant filed a timely notice of appeal which was dismissed on September 6, 2007, as barred by Movant's plea agreement. *United States v. Smith*, No. 06-1467 (6th Cir. Sept. 6, 2007); (Plea Agmt., ¶ 10). On March 14, 2008, Movant filed a motion to modify or reduce his

sentence pursuant to 18 U.S.C. § 3582(c)(2). (File No. 1:05-CR-236, Dkt. No. 40.) The motion was denied on February 1, 2010. (File No. 1:05-CR-236, Dkt. No. 48.) Movant filed this § 2255 petition on January 8, 2010. (Dkt. No. 1, Mot.)

Movant raises three numbered grounds in his petition:

(1) that his facts and circumstances did not warrant the four level guideline enhancement he received under then U.S.S.G. § 2K2.1(b)(5) for possessing a firearm in connection to another felony, (Mot. 2-5);

(2) that he should not have received a four level enhancement under U.S.S.G. § 2K2.1(a)(2) because of his two prior felony convictions, (Mot. 6-8); and

(3) that his counsel was constitutionally ineffective for failing to research and argue against the four level enhancement described in Ground 1, (Mot. 9-10).

## II.

A threshold issue for § 2255 motions is whether the motion is filed within the one-year limitation period:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
   (1) the date on which the judgment of conviction becomes final;
   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In most cases, the one-year statute of limitations runs from the date on which the judgment of conviction becomes final. Judgment was entered in this case on March 25, 2006. (File No. 1:05-CR-236, Dkt. No. 30.) Movant filed a timely notice of appeal on March 28, 2006, which was dismissed. Movant did not file a petition for certiorari, and therefore the judgment became final on December 5, 2007, when the 90-day period to file a petition for a writ of certiorari concluded. Sup. Ct. R. 13. Movant had one year in which to timely file a motion under § 2255. This period expired on December 5, 2008. The instant motion was filed on or about January 8, 2010, over a year after this period had run.

The one-year statute of limitations contained in § 2255 is not jurisdictional and it is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A court "must accord the parties fair notice and an opportunity to present their positions" before a petition is dismissed sua sponte on statute of limitations grounds. *Day v. McDonough*, 547 U.S. 198, 210 (2006). This Court, on November 24, 2010, ordered Movant to show cause why his claims should not be dismissed as time-barred. (Dkt. No. 4.) Movant responded on December 13, 2010. (Dkt. No. 5.)

In his Response, Movant raises the Supreme Court's decision in *Chambers v. United States*, 555 U.S. 122 (2009), which he argues recognizes a new right pertaining to guideline

3

enhancements under U.S.S.G. § 2K2.1(a)(2) that applies retroactively on collateral review. (Mot. 6-8.) The *Chambers* decision was handed down on January 13, 2009. Assuming Movant is correct that the Supreme Court in *Chambers* first recognized an applicable right made retroactively applicable, his second claim, ("Ground 2," Mot. 6-8), would be timely under 28 U.S.C. § 2255(f)(3). His response does not, however, address the timeliness of his claims in Grounds 1 and 3, and even a generous reading of *Chambers* and its progeny would not apply to those claims. As demonstrated by his March 20, 2006, Sentencing Memorandum, (File No. 1:05-CR-236, Dkt. No. 25, Sentencing Mem.), Movant was cognizant of the issue at the time of his original sentencing. Accordingly, Movant's claims in Grounds 1 and 3 are time-barred.

## III.

Again, assuming that the Supreme Court in *Chambers* first recognized an applicable right made retroactively applicable, his second claim in "Ground 2" would be timely under 28 U.S.C. § 2255(f)(3). However, his right to collaterally attack his sentence on that basis was waived in his plea agreement.

In his plea agreement, Movant agreed to waive certain rights to challenge his conviction or sentence on appeal or by collateral attack. "A defendant may waive any right in a plea agreement, including a constitutional right, if the waiver is made knowingly and voluntarily." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001). The Sixth Circuit has held, in particular, that a movant's waiver by plea agreement of his right to

4

collaterally attack his sentence is generally enforceable. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). A change in law does not render a movant's plea "any less voluntary or the government's conduct in enforcing the plea agreement any less proper." *United States v. Quinlan*, 473 F.3d 273, 279 (6th Cir. 2007). "[W]here developments in the law later expand a right that a defendant has waived in a plea agreement, the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature." *Id.* (quoting *United States v. Bradley*, 400 F.3d 459 (6th Cir. 2005)). "Absent misrepresentation or other impermissible conduct by state agents, . . . a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Id.*

Here, the plea agreement states:

> The Defendant understands that the law affords him the right to appeal the sentence imposed. Acknowledging this, the Defendant knowingly waives the right to appeal the sentence as determined by the Court at sentencing and the manner in which the sentence was determined on the grounds set forth in 18 U.S.C. § 3742 or any ground whatever, in exchange for the concessions made by the United States Attorney's Office in this plea agreement.[1] The Defendant also waives the right to challenge such a sentence and the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code § 2255 (except a post-conviction attack based upon a claim of ineffective assistance of counsel or a claim of newly discovered evidence).

---

[1] In its Response to the Motion, Respondent asserts that "the government agreed not to file a Supplementary Bill of Information under 21 U.S.C. § 851 that would have doubled Smith's mandatory minimum sentence to 120 months as a result of his prior felony drug conviction." (Dkt. No. 8, Response 2 n.1.)

5

(Plea Agmt. ¶ 10.) As the Sixth Circuit has already ruled on direct review of this case, "the waiver provision was discussed and . . . the defendant understood it and agreed to it." (*Smith*, No. 06-1467, slip op. at 2.) Movant does not challenge the assistance of counsel in entering the plea agreement or the validity of the waiver, and does not argue that there exists newly discovered evidence in the case. Therefore, Movant has waived his right to collaterally attack his sentence or conviction, and his claim in Ground 2 is accordingly barred. No evidentiary hearing is required to resolve the merits of the pending motion, and Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied.

### IV.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Upon review, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong. Accordingly, a certificate of appealability will also be denied as to each claim.

An order and judgment consistent with this opinion shall be entered.

Dated: <u>April 6, 2011</u>  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE